## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**UNITED STATES OF AMERICA**,
               *Plaintiff,*

*v.*

**$179,930.00 U.S. CURRENCY, $8,827.00
U.S. CURRENCY; AND SIX (6) $1,000
MONEY ORDERS**,
            *Defendant Property.*

CAUSE NO. 3:25-CV-647-CWR-LGI

### ORDER

On February 19, 2026, the Court entered an Order granting a motion to extend the stay in the above-captioned matter. Docket No. 13. In that Order, the Court directed the United States to enter a motion to lift the stay once the parallel criminal investigation was completed. *Id*. at 2. That parallel criminal investigation resulted in the entry of an indictment on May 5, 2026, in the case of *United States v. Wayne Young, et al.*, Cause No. 3:26-CR-00040-DPJ-ASH. On May 21, 2026, the United States filed a motion, which in part, notified the Court that the parallel criminal investigation was complete. Docket No. 14. The United States requested that the Court unseal this civil forfeiture matter and that the Court extend the stay. *Id*. at 2.

The Court granted the United States's motion with respect to unsealing the case and deferred ruling on the motion to extend the stay. Docket No. 15. The Court did not rule on the stay because that request may be opposed by interested parties, and thus directed the United States to deliver a copy of its motion and Order, Docket No. 15, on interested parties' counsel. *Id*. at 1. The Court granted counsel until May 28, 2026 to file a response and the United States until June 1, 2026 to file any reply. Counsel for the interested parties filed timely

responses in opposition to the United States's motion to extend the stay. Docket Nos. 20 and 22. The United States timely replied. Docket No. 24.

In support of the stay, the Government cites to 18 U.S.C. § 981(g)(1), which reads as follows:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

The United States asserts that its prosecution of the parallel criminal investigation will be adversely affected if it is required to participate in civil discovery. Counsel for interested parties has filed responses in opposition. Docket Nos. 20 and 22. The Court has considered the arguments of the United States and of the interested parties.

The Court finds that allowing civil discovery would adversely affect the ongoing criminal prosecution. Therefore, the United States's motion to stay these proceedings is granted and that the instant civil forfeiture action is hereby stayed pending the resolution of the related criminal investigation and prosecution.

**SO ORDERED**, this the 4th day of June, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

2